## MORTGAGE

THIS MORTGAGE is made this __15__ day of __April, 2005__, ~~19__~~, between __Wendy M. TRZACH__, presently residing at __135 Pitchers Way Hyannis MA 02601__ (herein "Mortgagor(s)"), and the Clerk of the United States District Court for the District of Massachusetts, John W. McCormack Post Office & Courthouse Building, Boston, Massachusetts (herein "Mortgagee").

WITNESSETH, for consideration paid and to secure a personal bond of even date for __Rob MAILLOUX__ (herein "Defendant"), in Criminal No. __05-10080-NG__, before the United States District Court for the District of Massachusetts (herein "Court"), in the amount of __one hundred thousand dollars__ ($__100,000.00__) Dollars executed by the Defendant and the Mortgagor(s) in favor of the United States of America, and to secure due observance and performance of the obligation, terms, and conditions as set forth in an Order Setting Conditions of Release dated __MARCH 31__, ~~19~~ __2005__, and filed with the Court, and to further secure the performance of all other covenants and agreements of or by the Defendant and Mortgagor(s) herein for the benefit of the Mortgagee, which may now exist or may hereafter exist or accrue while this Mortgage is still undischarged of record, and in furtherance of and pursuant to an escrow agreement made this day between the Mortgagor(s), the United States Attorney for the District of Massachusetts and the Mortgagee, the Mortgagor(s) hereby mortgage, with power of sale, the following parcel of real property, with the following covenants thereon, situate, lying and being in the County of __BARNSTABLE__, Commonwealth of Massachusetts, and more particularly described in the following deed:

A deed from __Brett D Granclaw and Wendy M. Treash__ to ~~Wendy M. Treash~~ __Wendy M. Treash__ dated __July 30 2004__, ~~19 200~~ and recorded in the __BARNSTABLE__ County Registry of Deeds at Book __18887__, Page __284__;

TOGETHER with all the improvements now or hereafter erected on the property, and all easements, rights, appurtenances, rents royalties, mineral, oil and gas rights and profits, water, water rights, and water stock, and all fixtures now or hereafter attached to the property, all of which, including replacements and additions thereto, shall be deemed to be and remain a part of the property covered by this Mortgage; and all of the foregoing, together with said property are hereinafter referred to as the "Property."

THE MORTGAGOR(S) covenant with the Mortgagee as follows:

(mortgage.frm - 12/94)

1. That the Mortgagor(s) shall pay the indebtedness as hereinbefore provided.

2. That the Mortgagor(s) will keep the Property insured against loss by fire or hazards included within the term "extended coverage" for the benefit of the Mortgagee; that the Mortgagor(s) will assign and deliver the policies to the Mortgagee; and that the Mortgagor(s) will reimburse the Mortgagee for any premiums paid or insurance made by the Mortgagee on the Mortgagor(s)'s default in so insuring the Property or in so assigning and delivering the policies. However, the Mortgagee shall never be required to maintain insurance of any type or description on the Property.

3. That the Mortgagor(s) shall keep the Property in good repair and shall not commit waste or permit impairment or deterioration of the Property, and no building on the Property shall be removed or demolished without the consent of the Mortgagee.

4. That the Mortgagor(s) will pay all taxes, assessments or water rates, and in default thereof, the Mortgagee may, but is not required to, pay the same. In the event that the Mortgagee elects not to pay the same, the Mortgagee is not required to so notify the Mortgagor(s).

5. That the proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of the Property, or part thereof, or for conveyance in lieu of condemnation, said proceeds not to exceed the dollar amount of the personal bond secured by this Mortgage, shall be delivered to the Mortgagee, who shall hold such proceeds in a non-interest bearing escrow account until either (A) the personal bond has been discharged by the Court, whereupon, and only upon an order of the Court, the Mortgagee shall deliver said proceeds to the Mortgagor(s), or (2) the Defendant fails to observe the Order Setting Conditions of Release and is defaulted by a judicial officer of the Court, whereupon the proceeds shall be disbursed for the benefit of the United States of America in accordance with, and only upon, an order of the Court.

6. That notice and demand or request may be made in writing and may be served in person or by mail.

7. That the Mortgagor(s) will warrant and defend the title to the Property against all claims and demands.

8. That the Mortgagor(s) will create no further encumbrances of any kind against the Property.

(mortgage.frm - 12/94)

-3-

9. That the Mortgagor(s), in case a sale shall be made under the power of sale, will, upon request, execute, acknowledge and deliver to the purchaser or purchasers a deed or deeds of release confirming such sale, and that the Mortgagee is appointed and constituted the attorney irrevocable of the Mortgagor(s) to execute and deliver to said purchaser a full transfer of all policies of insurance on the Property at the time of such sale.

10. That the holder of this Mortgage, in any action to foreclose it, shall be entitled to the appointment of a receiver.

11. Notwithstanding any other agreement between the Mortgagor(s) and Mortgagee, or any provision of law, the Mortgagee shall not be required to discharge this Mortgage except upon order of the Court. It shall be the obligation of the Mortgagor(s) to furnish the Mortgagee with a certified copy of said order.

IN WITNESS WHEREOF, this Mortgage has been duly executed by the Mortgagor(s).

_Wendy M Treash_

COMMONWEALTH OF MASSACHUSETTS

Barnstable
~~SUFFOLK~~, SS                                         April 15, 2005

Then personally appeared _Wendy M. Treash_ and acknowledged the foregoing to be _her_ free act and deed before me.

_Joyce C Margraf_
NOTARY PUBLIC

My Commission Expires: _6/30/2011_

JOYCE E. MARGRAF
Notary Public
Commonwealth of Massachusetts
My Commission Expires June 30, 2011

(mortgage.frm - 12/94)



• ATTORNEYS •

300 Barnstable Road
Hyannis, MA 02601
(508) 775-3665
Fax (508) 775-1244
1 (800) 899-3003
http://www.wynnwynn.com

Elizabeth K. Balaschak
William E. Enright, Jr.
Thomas M. Grimmer
Richard A. Martone
Kevin P. McRoy
Robert F. Mills
Charles D. Mulcahy
John J. O'Day, Jr.
Kevin J. O'Malley
Thomas E. Pontes
Michael J. Princi
Rebecca C. Richardson
Janice E. Robbins
William Rosa*
Louis V. Sorgi, Jr.
Dina M. Swanson
Robert Venturo
John A. Walsh
Paul F. Wynn
Thomas J. Wynn

Of Counsel
Hon. Robert L. Steadman (Ret.)
Thomas A. Maddigan
Hon. James F. McGillen, II (Ret.)
Hon. James J. Nixon (Ret.)

Admitted:
* Massachusetts and Rhode Island

March 1, 2005

First Citizens Federal Credit Union
629 South Street West
Raynham, MA 02767

**CERTIFICATION OF TITLE**

Date: March 1, 2005      Recording: March 7, 2005
Premises:        135 Pitchers Way, Hyannis, MA 02601
Mortgagors:      Wendy M. Treash
Mortgagee:       First Citizens Federal Credit Union
Mortgage Amount: $265,000.00

I hereby certify that I have examined or caused to be examined the title to the above premises in the indexed records at the Barnstable County Registry of Deeds Land Court and Registry of Probate, and certify to the Mortgagee that as of the above recording date in the said Registry of Deeds, the Mortgagors are the holders of a good and sufficient marketable title to the above premises as described in a Deed to said Mortgagors recorded with said Registry of Deeds, and the Mortgagee is the holder of a good and sufficient marketable first Mortgage given by the above Mortgagors, covering the above premises as described in said Mortgage, and securing the payment of a note in the above amount.

The liability of the attorney for the Mortgagee to the Mortgagee under this title certificate is expressly limited to the unpaid principal balance of the note secured by said mortgage or the fair market value of the equity of the mortgaged premises on the date hereof, whichever is less.

This certificate does not include:

    a. Bankruptcies, except as appear of record as above referred to;

    b.   Interests in the mortgaged property, if any, not recorded in said Registry of Deeds;

Affiliate Office: Raynham  90 New State Highway • Raynham, MA 02767 • (508) 823-4567

   c. Municipal ordinances and municipal real estate taxes and assessments, water and sewer charges, other than those certified to me by the Collector of Taxes; any error in the information received from cities or towns as to municipal charges are excluded from this certificate;

   d. Liens for unpaid utility bills, rates and charges, other than those of a municipal lighting plant which has accepted the provisions of Chapter 551 of the Acts and Resolves of 1980 and has filed a certificate in the Registry of Deeds pursuant to the terms of Chapter 551; subject to any errors or omissions in the information received by me from a municipal lighting plant entitled to a lien on the property pursuant to Chapter 551 of the Acts and Resolves of 1980;

   e. Any encroachments, easements, measurements, area, content, party wall, or other facts which a correct survey of the premises would show;

   f. Zoning ordinances, flood plain, conservation, or historical restrictions, compliance with regulations of the Board of Health, or any other licensing or regulatory agency, building by-laws, and regulations applicable thereto, if any there be;

   g. Sewer, drainage, and utility easements, if any;

   h. Any representation that the property has been inspected as required by the "Lead Poisoning Statute", if applicable;

   i. Subject to any lien now or hereafter acquired to the Commonwealth of Massachusetts pursuant to Chapter 21E of the Massachusetts General Laws which is not as of the date of this title examination a lien of record in the said Registry of Deeds;

   j. Subject to and with the benefit of all rights, restrictions, reservations, easements, and rights of way of record, insofar as the same are in force and effect.

My title examination ended: February 2, 2005.

I have checked the title on the above described premises from the date of the title examination and finding it all clear I have recorded the following documents on March 7, 2005.

|  | Book | Page |
|---|---|---|
| MLC |  |  |
| Mortgage |  |  |

Very truly yours,

WYNN & WYNN P.C.

Rebecca C. Richardson

rcr:jmf

# Mortgage Inspection Plan

Applicant: Treash    Location of property: Hyannis



Elizabeth Lane

147.25'

shed

51'±

deck

deck

95.00'

Lot 8

Lot 9

#135   2 story dwelling

100.00'

151.70'

Lot 7

Pitcher's Way

ref: 18887/284   flood panel: 250001 0008D   flood zone: C

I hereby certify that this mortgage inspection was prepared for Wynn & Wynn, P.C. and F.C.F. C.U. The dwelling shown hereon does not fall in a special F.E.M.A. flood hazard area with an effective date of 7-2-92 and the location of the dwelling does conform to the local zoning by-laws in effect at the time of construction with respect to horizontal dimensional setback requirements or is exempt from violation enforcement action under Mass. General Laws Chapter 40A Section 7.



Scale: 1" = 40'
Date: 2-23-05
File No. 05-0303

PLEASE NOTE: The structures as shown on this plot plan are approximate only. An actual survey is necessary for a precise determination of the building location and encroachments, if any exist, either way across property lines. This plan must not be used for recording purposes or for use in preparing deed descriptions and must not be used for variance or building plan purposes. This plan must not be used to locate property lines. Verification of building locations, property line dimensions, fences or lot configuration can only be accomplished by an accurate instrument survey which may reflect different information than what is shown hereon. Please note that this is "NOT A BOUNDARY SURVEY" and is "FOR MORTGAGE PURPOSES ONLY"

## COLONIAL LAND SURVEYING COMPANY, INC.
269 Hanover Street · Hanover, Mass. 02339 · Phone: 781-826-7186 · Fax: 781-826-4823

## QUITCLAIM DEED

I, Wendy M. Treash, formerly known as Wendy T. Grandaw, of 135 Pitchers Way, Hyannis, Massachusetts,

In consideration of One Dollar, plus other good and valuable consideration,

Grant to the United States of America, c/o United States District Court for the District of Massachusetts, One Courthouse Way, Boston, Massachusetts 02210, with QUITCLAIM COVENANTS all of my right title and interest in and to

The land together with the buildings situated thereon in Barnstable (Hyannis), Barnstable County, Massachusetts, bounded and described as follows:

LOT NO. 9 on that plan entitled "Plan of Hyannis, Mass. as surveyed for Elizabeth Frost Sydney, Scale 1 inch = 50 feet, December 14, 1948, Bearse & Kellogg, Civil Engineers", which plan is duly recorded in Barnstable County Registry of Deeds in the Plan Book 85, page 39.

For my title see Deed from Brett D. Grandaw and Wendy M. Treash dated July 30, 2004 as recorded in Barnstable County Registry of deeds at Book 18887, Page 284.

**WITNESS** my hand and seal this 15 day of April, 2005.

*[signature]*
Wendy M. Treash

### COMMONWEALTH OF MASSACHUSETTS

Barnstable, SS.                                                                 , 2005

On this 15 day of April 2005, before me the undersigned notary public, personally appeared Wendy M. Treash, proved to me through satisfactory evidence of identification which was her driver's license issued by the Commonwealth of Massachusetts, to be the person whose name is on the preceding or attached document, and acknowledged to me that she signed it voluntarily for its stated purpose.

*[signature]*
Notary Public
My Commission Expires: 6/30/2011

JOYCE E. MARGRAF
Notary Public
Commonwealth of Massachusetts
My Commission Expires June 30, 2011

## ESCROW AGREEMENT

ESCROW AGREEMENT entered into this __15__ day of __April__, ~~19~~2005, among __WENDY M. TREASH__ (herein "Surety"), Donald K. Stern, in his official capacity as United States Attorney for the District of Massachusetts (herein "United States Attorney"), and Tony Anastas, in his official capacity as Clerk of the United States District Court for the District of Massachusetts (herein "Escrow Agent").

WHEREAS the Surety is desirous of effecting the release of __Rob MAILLOUX__ (herein "Defendant") in Criminal No. __05-10080-NG__, on the terms and conditions of bail set forth in an Order Setting Conditions of Release (herein "Bail Order") dated __MARCH 31__, ~~19~~2005, and entered by the Honorable __M. BOWLER__, United States District Judge/Magistrate Judge, and has agreed to execute a personal bond in the amount of __one hundred thousand dollars__ ($ __100,000.00__) Dollars (herein "Personal Bond") to secure the Defendant's compliance with the terms and conditions of the Bail Order.

NOW THEREFORE, in consideration of the mutual covenants and agreements contained herein, the parties hereto agree as follows:

1. The Surety shall execute a quitclaim deed to the parcel of real property located at __135 Pitchers WAY HYANNIS MA 02601__ in favor of the United States of America, and deliver said deed to the Escrow Agent to be held in escrow pursuant to the terms of this Agreement.

2. The Surety further agrees to execute any additional documents and take any action necessary to effectuate the transfer of said parcel of real property and facilitate the sale of such property in the event that the Defendant is in default of the terms and conditions of the Bail Order or Personal Bond.

3. The Escrow Agent shall hold the quitclaim deed in escrow under the following terms and conditions:

    A. In the event that the Defendant fails to appear as required at all proceedings in Criminal No. __05-10080-NG__ or otherwise violates any condition of bail, and Defendant is declared to be in default by a judicial officer of the United States District Court for the District of Massachusetts, then, upon order of the Court, and in lieu of or in addition to foreclosure proceedings on any mortgage granted by the Surety, the Escrow Agent shall tender the quitclaim deed to the United States Attorney, and he shall cause the same to be immediately recorded without notice to the Surety. Any requirement that foreclosure proceedings be commenced upon any mortgage granted by the Surety in connection with Criminal No. __05-10080-NG__ is expressly waived by the Surety.

(escrow.frm - 10/96)

-2-

   B. This Agreement shall terminate upon the final disposition of Criminal No. __05-10080-NG__ and written discharge of the bond provided to the Surety by the United States of America. Upon such termination, and upon order of the Court, the Escrow Agent shall deliver the quitclaim deed to the Surety.

5. The validity and construction of this Agreement shall be governed by the law of the Commonwealth of Massachusetts.

6. This Escrow Agreement shall be binding upon and shall inure to the benefit of the parties hereto and their respective successors, assigns and personal representatives.

IN WITNESS WHEREOF, the parties here have caused this Agreement to be executed as of the date first written above.

ESCROW AGENT:                                   SURETY:

TONY ANASTAS, CLERK OF COURT

By: _____                   _____Wendy M. Treach_____
    Deputy Clerk

~~DONALD K. STERN~~, Michael Sullivan           _____
UNITED STATES ATTORNEY

By: __Carmen M. Ortiz__                         _____
    Asst. U.S. Attorney

_____

                    COMMONWEALTH OF MASSACHUSETTS
~~SUFFOLK~~, SS
BARNSTABLE                                      __April 15__, 2005

Then personally appeared __Wendy M. Treach__ and acknowledged the foregoing to be __her__ free act and deed before me.

                                    _____Joyce C. Margraf_____
                                              NOTARY PUBLIC

            My Commission Expires: __6/30/2011__



JOYCE E. MARGRAF
Notary Public
Commonwealth of Massachusetts
My Commission Expires June 30, 2011

(escrow.frm - 10/96)