## MORTGAGE

THIS MORTGAGE is made this __15__ day of __April, 2005__, 19___, between __Wendy M. Treash__, presently residing at __135 Pitchers Way Hyannis MA 02601__ (herein "Mortgagor(s)"), and the Clerk of the United States District Court for the District of Massachusetts, John W. McCormack Post Office & Courthouse Building, Boston, Massachusetts (herein "Mortgagee").

WITNESSETH, for consideration paid and to secure a personal bond of even date for __Rob Mailloux__ (herein "Defendant"), in Criminal No. __05-10080-NG__, before the United States District Court for the District of Massachusetts (herein "Court"), in the amount of __one hundred thousand dollars__ ($ __100,000.00__ ) Dollars executed by the Defendant and the Mortgagor(s) in favor of the United States of America, and to secure due observance and performance of the obligation, terms, and conditions as set forth in an Order Setting Conditions of Release dated __March 31__, 19__2005__, and filed with the Court, and to further secure the performance of all other covenants and agreements of or by the Defendant and Mortgagor(s) herein for the benefit of the Mortgagee, which may now exist or may hereafter exist or accrue while this Mortgage is still undischarged of record, and in furtherance of and pursuant to an escrow agreement made this day between the Mortgagor(s), the United States Attorney for the District of Massachusetts and the Mortgagee, the Mortgagor(s) hereby mortgage, with power of sale, the following parcel of real property, with the following covenants thereon, situate, lying and being in the County of __Barnstable__, Commonwealth of Massachusetts, and more particularly described in the following deed:

A deed from __Brett D Granclaw and Wendy M. Treash__ to __Wendy M. Treash__ dated __July 30 2004__, 19__2004__ and recorded in the __Barnstable__ County Registry of Deeds at Book __18887__, Page __284__;

TOGETHER with all the improvements now or hereafter erected on the property, and all easements, rights, appurtenances, rents royalties, mineral, oil and gas rights and profits, water, water rights, and water stock, and all fixtures now or hereafter attached to the property, all of which, including replacements and additions thereto, shall be deemed to be and remain a part of the property covered by this Mortgage; and all of the foregoing, together with said property are hereinafter referred to as the "Property."

THE MORTGAGOR(S) covenant with the Mortgagee as follows:

(mortgage.frm - 12/94)

3

-2-

1. That the Mortgagor(s) shall pay the indebtedness as hereinbefore provided.

2. That the Mortgagor(s) will keep the Property insured against loss by fire or hazards included within the term "extended coverage" for the benefit of the Mortgagee; that the Mortgagor(s) will assign and deliver the policies to the Mortgagee; and that the Mortgagor(s) will reimburse the Mortgagee for any premiums paid or insurance made by the Mortgagee on the Mortgagor(s)'s default in so insuring the Property or in so assigning and delivering the policies. However, the Mortgagee shall never be required to maintain insurance of any type or description on the Property.

3. That the Mortgagor(s) shall keep the Property in good repair and shall not commit waste or permit impairment or deterioration of the Property, and no building on the Property shall be removed or demolished without the consent of the Mortgagee.

4. That the Mortgagor(s) will pay all taxes, assessments or water rates, and in default thereof, the Mortgagee may, but is not required to, pay the same. In the event that the Mortgagee elects not to pay the same, the Mortgagee is not required to so notify the Mortgagor(s).

5. That the proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of the Property, or part thereof, or for conveyance in lieu of condemnation, said proceeds not to exceed the dollar amount of the personal bond secured by this Mortgage, shall be delivered to the Mortgagee, who shall hold such proceeds in a non-interest bearing escrow account until either (A) the personal bond has been discharged by the Court, whereupon, and only upon an order of the Court, the Mortgagee shall deliver said proceeds to the Mortgagor(s), or (2) the Defendant fails to observe the Order Setting Conditions of Release and is defaulted by a judicial officer of the Court, whereupon the proceeds shall be disbursed for the benefit of the United States of America in accordance with, and only upon, an order of the Court.

6. That notice and demand or request may be made in writing and may be served in person or by mail.

7. That the Mortgagor(s) will warrant and defend the title to the Property against all claims and demands.

8. That the Mortgagor(s) will create no further encumbrances of any kind against the Property.

(mortgage.frm - 12/94)

-3-

9. That the Mortgagor(s), in case a sale shall be made under the power of sale, will, upon request, execute, acknowledge and deliver to the purchaser or purchasers a deed or deeds of release confirming such sale, and that the Mortgagee is appointed and constituted the attorney irrevocable of the Mortgagor(s) to execute and deliver to said purchaser a full transfer of all policies of insurance on the Property at the time of such sale.

10. That the holder of this Mortgage, in any action to foreclose it, shall be entitled to the appointment of a receiver.

11. Notwithstanding any other agreement between the Mortgagor(s) and Mortgagee, or any provision of law, the Mortgagee shall not be required to discharge this Mortgage except upon order of the Court. It shall be the obligation of the Mortgagor(s) to furnish the Mortgagee with a certified copy of said order.

IN WITNESS WHEREOF, this Mortgage has been duly executed by the Mortgagor(s).

_Wendy M Treash_                                    _____

_____                              _____

COMMONWEALTH OF MASSACHUSETTS

Barnstable
~~SUFFOLK~~, SS                                     April 15, 2005

Then personally appeared _Wendy M. Treash_
and acknowledged the foregoing to be _her_ free act and deed before me.



_Joyce C M_____
NOTARY PUBLIC

My Commission Expires: 6/_____

JOYCE E. MARGRAF
Notary Public
Commonwealth of Massachusetts
My Commission Expires June 30, 2011

(mortgage.frm - 12/94)

BARNSTABLE REGISTRY OF DEEDS